UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

NICHOLAS RAITI,

Plaintiff,

COMPLIANT
DEMAND FOR JURY TRIAL

-vs-

Case No.
Hon.

SUTTON LEASING, INC.,

Defendant.

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

**PARTIES**

3. The Plaintiff to this lawsuit is Nicholas Raiti who resides in Royal Oak, Michigan in Oakland County.

4. The Defendant to this lawsuit is Sutton Leasing, Inc. ("Sutton Leasing, Inc.") which is a corporation doing business in Michigan.

## VENUE

5. The transactions and occurrences which give rise to this action occurred in Macomb County.

6. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. On or about May 1, 2013, Plaintiff executed a lease agreement ("lease agreement") with Sutton Leasing, Inc. for a 2004 BMW M3 Coupe, VIN WBSBL93474PN59487 ("the vehicle").

8. The vehicle was for personal use.

9. The lease agreement contained none of the disclosures required under the Consumer Leasing Act.

10. Plaintiff was unable to make an informed decision regarding credit due to the absence of any Consumer Leasing Act disclosures.

11. On or about April 26, 2017, Defendant had actual knowledge that the Plaintiff was not in default of the lease agreement.

12. On or about April 26, 2017, Defendant caused the vehicle to be repossessed in spite of the fact that Plaintiff was not in default on that date and in spite of the fact that Defendant had actual knowledge that the Plaintiff was not in default of the lease agreement on that date.

13. Plaintiff eventually retrieved his vehicle, but suffered damages as a result of the Defendant's wrongful repossession of the vehicle.

### COUNT I -- Violation of Consumer Leasing Act, 15 U.S.C. § 1667 *et seq*.

14. Plaintiff incorporates the preceding allegations by reference.

15. Defendant failed to make disclosures in compliance with the Consumer Leasing Act.

16. Plaintiff was damaged by the Defendants' violations of the Consumer Leasing Act.

### **COUNT II -- Statutory Conversion (Sutton Leasing, Inc.)**

17. Mr. Raiti incorporates the preceding allegations by reference.

18. Sutton Leasing, Inc. took the vehicle from Mr. Raiti illegally .

19. Sutton Leasing, Inc. had no right at law or by contract to repossess the vehicle.

20. Sutton Leasing, Inc. was not acting on behalf of any individual or entity with the right to possess the vehicle.

21. Sutton Leasing, Inc. illegally retook possession without the permission of Mr. Raiti or other legal authorization.

22. Sutton Leasing, Inc.'s actions in taking possession of the vehicle were wilful or intentional, and in derogation of the lease agreement.

23. These acts constitute a willful or intentional conversion under MCL § 600.2919a entitling Mr. Raiti to recover treble damages along with costs and attorneys fees.

### **COUNT III -- Common Law Conversion (Sutton Leasing, Inc.)**

24. Mr. Raiti incorporates the preceding allegations by reference.
25. These actions constitute a conversion at common law, entitling Mr. Raiti to recover actual damages.

### **COUNT IV -- Violation of Michigan Consumer Protection Act (Sutton Leasing, Inc.)**

26. Mr. Raiti incorporates the preceding allegations by reference.
27. Sutton Leasing, Inc. is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

28. Sutton Leasing, Inc. has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

   a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

   c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

   d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

   e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

   f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

   g. Representing that a part, replacement, or repair service is needed when it is not.

   h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l. Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m. Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not

        available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t. Causing coercion and duress as the result of the time and nature of a sales presentation.

u. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

29. Mr. Raiti has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

30. Mr. Raiti suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT V -- Breach of Contract (Sutton Leasing, Inc.)

31. Mr. Raiti incorporates the preceding allegations by reference.

32. Sutton Leasing, Inc.'s repossession of the vehicle when Plaintiff was not in default was a material breach of contract.

33. Mr. Raiti has suffered damages as a result of this breach of contract.

### JURY DEMAND

34. Nicholas Raiti demands a jury trial in this case.

### REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

*1.  Assume jurisdiction over this case including all supplemental claims.*

*2.  Award actual damages.*

*3.  Award statutory damages of $2,000.00.*

*4.  Award treble damages.*

*5.  Award statutory costs and attorney fees.*

>Respectfully Submitted,
>
>ADAM G. TAUB & ASSOCIATES
>CONSUMER LAW GROUP, PLC
>
>By:    /s/ Adam G. Taub
>       Adam G. Taub (P48703)
>       Attorney for Nicholas Raiti
>       17200 West 10 Mile Rd. Suite 200
>       Southfield, MI 48075
>       Phone: (248) 746-3790
>       Email: adamgtaub@clgplc.net

Dated: September 14, 2017